IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.    Civil Action No. **3:17CV62**

KARN ART INC., *et al.*,

    Defendants.

### MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered on July 20, 2017, the Court directed Prasad to file a particularized complaint. (ECF No. 11.) Prasad has complied with that directive and the Particularized Complaint (ECF No. 14) is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989)), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In

order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

The action proceeds on Prasad's Particularized Complaint ("Complaint," ECF No. 14). Prasad names Karn Art, Inc, Sean Karn, and Athena Karn, as Defendants ("Defendants"). (*Id.* at 1.) In her section titled, "Statement of Claim," Prasad alleges:[2]

> Sean Karn, a Hampton Roads tattoo artist – and I dated in 2010 – 2011. During this time – he sexually and physically abused me, emotionally abused me, slandered and libeled me, invaded my privacy, threatened to kill me, got me a DUI conviction, raped me and put the video online on social media as well as sold the video for profit, and funded a company using my middle name: Karma – to slander me, under his company name: Karn Art, Inc. His wife, Athena Karn, assisted him with this, and also threatened to kill me with him – and did so on social media – that my attorney, Judith Collier has proof of – as well as threatened to assault [and] batter me online and "knock my teeth out" – which she sent people to do in 2015 – in an actual assault and battery – all of this is criminal, but since I have been incarcerated since 2015 on false charges from Hendrix, I cannot prosecute and have to do civil suits to pursue my civil rights as well. She also threatened the life of my two year-old son – then an infant.

(Compl. 1–2.)

---

[2] The Court corrects the spelling, capitalization, and punctuation in quotations from Prasad's Complaint. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. In some instances, Prasad's Complaint is not legible. The Court makes its best attempt to decipher these words.

3

Prasad contends that this conduct violated federal and state criminal law, including "revenge porn laws" and "obscenity laws" (*id.* at 2), the Americans with Disabilities Act, copyright and trademark law, "human rights," and the First,[3] Fifth,[4] Ninth,[5] Tenth,[6] Thirteenth,[7] and, Fourteenth[8] Amendments. (*Id.* at 2–5.)[9] Prasad seeks "declaratory, injunctive, and monetary relief of 43 million dollars." (*Id.* at 8.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or

---

[3] "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I.

[4] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[5] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[6] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

[7] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[8] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[9] Beginning on page six of the Complaint, Prasad has attached pages with miscellaneous allegations that do not name Defendants and do not appear to follow logically her allegations in the previous pages. (Compl. 6.) Prasad labels the top of page six, "Federal Cases Evidence Submitted" and "Prasad v. Karn," although "Karn" replaces a crossed-out name. (*Id.*) These later pages outline her medical history and appear to raise different claims against the Hampton Roads Regional Jail and someone named "Hamilton Hendrix." (*See id.* at 6–8.) To the extent that Prasad wishes to raise claims pertaining to her medical history that are not against the named Defendants, she is free to file a separate civil action raising these claims. As these allegations are not against the named Defendants, the Court will not consider them here.

"insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although Prasad's Complaint has many legal infirmities, it ultimately will be dismissed as legally frivolous and for failure to state a claim because Prasad fails to name state actors.

Although omitted in her Particularized Complaint, Prasad brought this action pursuant to 42 U.S.C. 1983, as clearly labeled on her initial complaint and her application to proceed *in forma pauperis*. (*See* ECF No. 1, at 1; ECF No. 4, at 1.) "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The United States Court of Appeals for the Fourth Circuit has identified a "handful of contexts" in which "the conduct of an ostensibly private actor is under color of law for purposes of section 1983." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000). Acts by a private citizen may be taken under color of state law when the state does more than "adopt a passive position toward the underlying private conduct." *Id.* (quoting *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 614–15 (1989)). Color of state law may also exist where "the state delegates its obligations to a private actor," *id.* (citing *West*, 487 U.S. at 54), or where the private individual was performing a traditional state function, *id.* (quoting *United Auto Workers v. Gaston Festivals, Inc.*, 43 F.3d 902, 906 (4th Cir. 1995)). A private citizen may also be fairly said to act under color of state law where unconstitutional state procedures are used to accomplish the deprivation. *Id.* (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 933 (1982)). State action is not limited to these contexts, however, and the analysis requires "an

5

examination of all the relevant circumstances, in an attempt to evaluate 'the degree of the Government's participation in the private party's activities.'" *Id.* (quoting *Skinner*, 489 U.S. at 614).

Prasad fails to allege any facts indicating that Defendants Karn Art, Inc., Sean Karn, or Athena Karn acted under the color of state law. Defendants include a tattoo artist, his company, and his wife, all private actors who were engaged in private conduct. *See Mentavlos*, 249 F.3d at 310. Prasad fails to otherwise indicate that Defendants "may fairly be said to be [] state actor[s]." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (quoting *Lugar*, 457 U.S. at 937). Accordingly, Prasad's claims will be DISMISSED as legally frivolous and for failure to state a claim. *See Neitzke*, 490 U.S. at 325 (explaining that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

## IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 11-2-17
Richmond, Virginia

6